UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION,

No. 18 CV _____

**COMPLAINT**

Plaintiffs,

-against-

PARAGON ENVIRONMENTAL CONSTRUCTION, INC.,

Defendant.

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

**THE PARTIES**

4.      Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3).  The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.      Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7.      Paragon Environmental Construction, Inc. ("Paragon") is a New York based corporation with its principal place of business located at 5664 Mud Mill Road, Brewerton, New York 13029.

## FACTS

8.     At relevant times, Paragon was a signatory to, or otherwise bound by, a collective bargaining agreement (the "CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

9.     The CBA required Paragon to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

10.     The CBA also required Paragon to furnish all pertinent books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

11.     The Funds conducted an audit of Paragon covering the period March 21, 2009 through September 30, 2011 (the "Audit") which revealed that Paragon failed to remit contributions to the Funds in the principal amount of $66,387.31.

12.     Paragon refused to pay the delinquencies revealed by the Audit.

### THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST PARAGON
#### (Liability for Delinquent Contributions/Violation of the CBA)

13.     The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

14.     Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

15.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

16.     At relevant times, Paragon was a party to, or manifested an intent to be bound by, the CBA.

17.     The CBA and the documents and instruments governing the Funds required Paragon to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

18.     Paragon failed to pay the delinquent contributions revealed by the Audit.

19.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, the Funds' Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order finding that Paragon is liable to the Funds for (1) all delinquent contributions, liquidated damages, interest, audit costs, and other damages revealed by the Audit and/or otherwise due and owing during the Audit period and (2) all attorneys' fees and costs incurred by the Funds in this action.

**WHEREFORE,** the Funds respectfully request that this Court:

(A)     Issue an order on the Funds' Claim for Relief, finding that Paragon is liable to the Funds for (1) all delinquent contributions, liquidated damages, interest, audit costs, and other damages revealed by the Audit or otherwise due and owing during the Audit period and (2) all attorneys' fees and costs incurred by the Funds in this action; and

(B)     Award the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        December 20, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
    Todd Dickerson, Esq.
    40 Broad Street, 7th Floor
    New York, New York 10004
    (212) 943-9080
    tdickerson@vandallp.com
    *Attorneys for Plaintiffs*